**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　Plaintiff,<br><br>vs.<br><br>JOSE RANGEL-ESPARZA,<br><br>　　　　　Defendant. | 3:16-cr-00037-RCJ-VPC-2<br><br>**ORDER** |

Pending before the Court is Defendant's Motion to Vacate, Set Aside or Correct Sentence pursuant to 28 U.S.C. § 2255 (ECF No. 63). Defendant argues that he did not receive constitutionally effective assistance counsel. For the following reasons, the Court disagrees.

## I.　FACTS AND PROCEDURAL BACKGROUND

On May 20, 2016, Defendant was pulled over while transporting drugs from California to Chicago. (Plea Agreement 4:3–6:19, ECF No. 42.) Inside the vehicle, law enforcement officers found five kilograms of heroin and over 23.1 kilograms of methamphetamine hidden inside a Fisher Price child's chair box, a Pampers diaper box, a black duffle bag, and a black shopping bag. (*Id.* 5:18–6:5.) The drugs were organized in twenty-nine individually wrapped packages, each package containing approximately 1,000 grams of narcotics. (*Id.* 5:22–6:4.) Defendant was indicted by a grand jury on two counts of Possession with Intent to Distribute a Controlled

Substance in violation of U.S.C. § 841(a)(1), (b)(1)(A)(vii), and (b)(1)(A)(i). (Indictment 1:18–2:7, ECF No. 19.)

Pursuant to a plea agreement, Defendant pled guilty to one count of Illegal Use of a Communication Facility in violation of 21 U.S.C. § 843(b). (Am. J. 1–3, ECF No. 61.) Under the plea agreement, Defendant waived his right to appeal any aspect of his conviction and sentence and waived all collateral challenges, except those involving "non-waivable claims of ineffective assistance of counsel." (Plea Agreement 11:23–12:5.) The plea agreement also specifically listed, under designated headings, the maximum statutory penalty for Illegal Use of a Communication Facility—a sentence of four years, a fine of $250,000 or both—and that the parties were free "to argue for an appropriate sentence." (*Id.* 10:2–10:20.)

At the sentencing hearing, Defendant's attorney successfully contended that Defendant should not receive the maximum punishment of forty-eight months' incarceration requested by the Government, and the Court sentenced Defendant to forty months' imprisonment to be followed by one year of supervised release. (Am. J. 1–3; Sent'g Hr'g 2:11:48 p.m.–2:29:15 p.m., May 15, 2017.) Defendant was not ordered to pay any fine or restitution. (Am. J. 6, ECF No. 61.)

## II.   LEGAL STANDARDS

A knowing and voluntary waiver of the right to appeal or bring a post-conviction collateral attack is valid and enforceable. *United States v. Abarca*, 985 F.2d 1012, 1014 (9th Cir. 1993) ("'The right of appeal, . . . in criminal cases, is purely a creature of statute' . . . . [, and a] knowing and voluntary waiver of a statutory right is enforceable" (quoting *Abney v. United States*, 431 U.S. 651, 656 (1977)); *United States v. Navarro-Botello*, 912 F.2d 318, 321 (9th Cir. 1990) ("[N]othing precludes a defendant from waiving a statutory right, specifically the right to appeal."); *see also United States v. McTiernan*, 552 F. App'x 749, 750 (9th Cir. 2014) (upholding a waiver of the right to bring a post-conviction collateral attack). However, the Ninth

Circuit has held that waiver of the right to appeal or bring a post-conviction collateral attack does not "categorically foreclose[ a defendant] from bringing any section 2255 proceeding, such as a claim of ineffective assistance of counsel or involuntariness of waiver." *Abarca*, 985 F.2d at 1014.

Under 28 U.S.C. § 2255, a prisoner in custody under a federal sentence may move the sentencing court to vacate, correct, or set aside a sentence that was imposed in violation of the Constitution or laws of the United States, was imposed by a court without proper jurisdiction, was in excess of the maximum sentence authorized by law, or is otherwise subject to collateral attack. 28 U.S.C. § 2255(a). However, § 2255 motions may be constrained by voluntary waiver and procedural rules. Issues "clearly contemplated by, and subject to, [a] plea agreement waiver" cannot be brought in a § 2255 motion. *Abarca*, 985 F.2d at 1014. Likewise, issues decided on direct review, or which could have been raised on direct review but were not raised, also cannot be brought in a § 2255 claim. *Reed v. Farley*, 512 U.S. 339, 358 (1994). The former kind of claims are res judicata, and the latter kind of claims are said to be "procedurally defaulted" and cannot be raised later in a collateral attack. *See id*; *Massaro v. United States*, 538 U.S. 500, 504 (2003). There are exceptions to the procedural default rule, however, when a defendant can show: (1) "cause and actual prejudice;" or (2) "actual innocence." *McTiernan*, 552 F. App'x at 750 (quoting *Bousley v. United States*, 523 U.S. 613, 622 (1998)).

Ineffective assistance of counsel is sufficient "cause" to excuse procedural default. *United States v. Skurdal*, 341 F.3d 921, 925–27 (9th Cir. 2003). Thus, ineffective assistance of counsel claims can be brought for the first time under § 2255 even if they could also have been brought on direct appeal. *Massaro*, 538 U.S. at 504.

///

///

## III. DISCUSSION

### a. Section 2255 Motion

Defendant claims that his attorney committed ineffective assistance of counsel. The Court disagrees: Defendant received constitutionally effective assistance of counsel.

For ineffective assistance of counsel claims, the Sixth Amendment right to effective counsel is violated when: (1) counsel's performance was so deficient so as not to constitute the "counsel" guaranteed by the Sixth Amendment; and (2) the deficiency prejudiced the defense by "depriv[ing] the defendant of a fair trial, a trial whose result is reliable." *Strickland v. Washington*, 466 U.S. 668, 687 (1984). There is a "strong presumption" of reasonable professional conduct. *Id.* at 698. When this presumption is overcome and an attorney's "unprofessional errors" are such that there is a "reasonable probability" the result would have been different had the errors not occurred, the defendant has been deprived of his Sixth Amendment rights. *Kimmelman v. Morrison*, 477 U.S. 365, 375 (1986). "Reasonable probability" is a lower standard than "more likely than not." *Nix v. Whiteside*, 475 U.S. 157, 175 (1986). The analysis does not focus purely on outcome. *Lockhart v. Fretwell*, 506 U.S. 364, 369 (1993). The error must also have rendered the trial fundamentally unfair or unreliable. *Williams v. Taylor*, 529 U.S. 362, 391–92 (2000). Counsel's tactical decisions with which a defendant disagrees do not rise to the level of ineffective assistance unless the decisions are so poor as to meet the general test for constitutionally defective assistance. *See Dist. Attorney's Office for Third Judicial Dist. v. Osborne*, 557 U.S. 52, 85-86 (2009).

In the present case, Defendant claims that his attorney assured him that he would only be sentenced to probation and that his offense was not a deportable one, so he would not be deported if he pleaded guilty. He further claims that he would not have pleaded guilty if his attorney had not made those assurances to him. However, the record belies Defendant's claims.

In the signed plea agreement, Defendant explicitly made the following admissions: first, he acknowledged that the Court had "discretion to impose any reasonable sentence up to the maximum term of imprisonment permitted by law;" second, he stated in the agreement that he "understands and acknowledges that if he is not a United States citizen, then it is highly probable that he will be permanently removed (deported) from the United States as a consequence of pleading guilty;" third, he asserted that he "desires to plead guilty regardless of any immigration consequences that may result from his guilty plea, even if the consequence is automatic removal from the United States with no possibility of returning;" fourth, he acknowledged that he "specifically discussed these removal/deportation consequences with his attorney;" and fifth, he affirmed that "[n]o promises, agreements or conditions other than those set forth in this agreement have been made or implied by the defendant, the defendant's attorney or the United States, and no additional promises, agreements or conditions shall have any force or effect." (Plea Agreement 7:4–7:8, 12:8–12:16, 12:17–13:2.)

At his plea hearing, Defendant affirmed this understanding. The Court confirmed with Defendant that Defendant's attorney had advised him "regarding the effects of a guilty plea upon deportation and/or loss of residence status," and "that a guilty plea here may equal revocation of residence rights and/or deportation." Under oath, Defendant unambiguously stated that he understood that possibility, and he expressed that he understood the terms of the plea agreement. Before the plea agreement was summarized, the Court exhorted Defendant that he had "an obligation . . . to tell [the Court] about any promise that was made . . . that caused [him] to plead guilty." Defendant acknowledged this obligation, and after the agreement was summarized by the Government, the Court again asked Defendant whether he understood it and whether any other promises were made to him. Defendant confirmed that his understanding was consistent with the Government's summary and explicitly stated that "[n]o other promise [existed]." In

addition, before he was sentenced, the Court clearly explained and Defendant expressly acknowledged that the recommendation by the parties was not binding on the Court and that the Court could impose a sentence higher or lower than the one recommended by the parties. (Tr. of Change of Plea 10:21–10:24, 11:15–11:20, 15:6–15:20, ECF No. 70.)

Therefore, when examining the evidence, Defendant has failed to meet his burden. Defendant's statements in open court contemporaneous with his plea, which "carry a strong presumption of verity" and "should be accorded great weight," clearly contradict Defendant's allegations. *Blackledge v. Allison*, 431 U.S. 63, 75 (1977) ("[s]olemn declarations in open court carry a strong presumption of verity"); *Chizen v. Hunter*, 809 F.2d 560, 562 (9th Cir. 1987) ("statements made by a criminal defendant contemporaneously with his plea should be accorded great weight"). Accordingly, Defendant has not overcome the "strong presumption" that counsel's assistance was constitutionally reasonable. *Strickland*, 466 U.S. at 689.

**CONCLUSION**

IT IS HEREBY ORDERED that the Defendant's Motion to Vacate, Set Aside or Correct Sentence (ECF No. 63) is DENIED.

IT IS FURTHER ORDERED that no certificate of appealability shall issue.

IT IS FURTHER ORDERED that the Clerk shall ENTER a separate and final judgment under Federal Rule of Civil Procedure 58(a) as directed by *Kingsbury v. United States*, 900 F.3d 1147 (9th Cir. 2018).

IT IS SO ORDERED.

Dated:  This 11th day of March, 2019.

_____
ROBERT C. JONES
United States District Judge